Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>HAYWARD GLASS COMPANY, INC., a California Corporation, and DAVID BRIAN TAUSHECK, an individual, and MARY TAUSHECK, an individual,<br><br>Defendants. | Case No.:  C11-4926 LB<br><br>**NOTICE OF ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants HAYWARD GLASS COMPANY, INC., a California Corporation, and DAVID BRIAN TAUSHECK, an Individual, and/or alter egos and/or successor entities (collectively "Defendants"), as follows:

1.      Defendants entered into a valid Collective Bargaining Agreement with the Northern California Glaziers Master Agreement ("Bargaining Agreement") between District

- 1 -

1   Council 16 and the Northern California Glass Management Association (hereinafter "Bargaining
2   Agreement").  This Bargaining Agreement has continued in full force and effect to the present
3   time.

4        2.     David Brian Tausheck, as an individual Defendant, and in his capacity as
5   RMO/CEO/President of Defendant Hayward Glass Company, Inc., hereby acknowledges that he
6   is authorized to receive service and has received the following documents in this action:
7   Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order
8   Setting Initial Case Management Conference and ADR Deadlines; Standing Order for United
9   States Magistrate Judge Laurel Beeler; Standing Order for All Judges of the Northern District of
10  California; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process;
11  Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone
12  Conference; ADR Certification by Parties and Counsel; Notice of Assignment to a Magistrate
13  Judge, Consent, Declination; ECF Registration Information Handout; Welcome to the Oakland
14  Divisional Office of the United States District Court; and Certification of Interested Entities or
15  Persons Pursuant to Civil Local Rule 3-16.

16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

- 2 -

**NOTICE OF ACKNOWLEDGMENT and**
**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4926 LB**
P:/Clients/GLACL/Hayward Glass/Pleadings/Judgment Pursuant to Stipulation 101311.doc

3.      Defendants have become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| 7/11 | Contributions | $23,803.34 | |
| | 20% Liquidated Damages | $4,760.67 | |
| | 5% p/a Interest (9/1/11-10/13/11) | $140.21 | |
| | | | $28,704.22 |
| 8/11 | Contributions | $25,086.18 | |
| | 20% Liquidated Damages | $5,017.24 | |
| | 5% p/a Interest (10/1/11-10/13/11) | $44.67 | |
| | | | $30,148.09 |
| 9/11 | Contributions | $19,199.09 | |
| | 20% Liquidated Damages | $3,839.82 | |
| | | | $23,038.91 |
| Audit (1/1/08-1/31/11) | | | |
| | Contribution Underpayments | $6,320.99 | |
| | Interest (through 6/30/11) | $434.62 | |
| | 5% p/a Interest (7/1/11-10/13/11) | $90.92 | |
| | 20% Liquidated damages * | $1,264.20 | |
| | Improper Payments (Credit) | <$167.37> | |
| | | | $7,943.36 |
| Attorney's Fees (8/11/11-10/11/11) | | | $2,662.00 |
| Cost of Suit | | | $350.00 |
| **TOTAL** | | | **$92,846.58** |

\* Liquidated damages in the audit are shown as $750.00. However, per the provisions of the Trust Agreements, liquidated damages increase to 20% upon the commencement of litigation.

4.      Defendants shall *conditionally* pay the amount of **$77,964.65,** representing all of the above amounts, less liquidated damages in the amount of **$14,881.93**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a)      Beginning on **November 15, 2011**, and on or before the 15th day of each month thereafter for a period of twelve (12) months through and including October 15, 2012, Defendants shall pay to Plaintiffs the amount of **$6,800.00** per month.

(b)      Payments may be made by joint check, to be endorsed to Plaintiffs prior to submission. Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

(c)      Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from October 14, 2011, at the rate of 5%

- 3 -

per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

(d)  Checks shall be made payable to the *District Council 16 Health & Welfare Trust Fund*, and delivered on or before each due date to <u>Blake E. Williams at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs.

(e)  At the time that Defendants make their 11th payment, Defendants may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their 11th payment.  Defendants will be advised as to whether or not the waiver has been granted prior to the final payment hereunder.  Such waiver will not be considered until and unless all other amounts are paid in full and Defendants' account is current.

(f)  Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants, in writing, as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation.  Defendants shall pay all additional attorneys' fees and costs regardless of whether or not Defendants default herein.  Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the October 15, 2012 stipulated payment.

(g)  Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply.

5.  In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, Defendants shall be considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendants to cure said default *within seven (7) days of the date of the notice from Plaintiffs*.  If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day

- 4 -

1   cure period.  If Defendants elect to cure said default, and Plaintiffs elect to accept future payments,

2   *all such future payments shall be made by cashier's check* at Plaintiffs' request.  In the event

3   default is not cured, all amounts remaining due hereunder shall be due and payable on demand by

4   Plaintiffs.

5           6.      Beginning with contributions due for hours worked by Defendants' employees

6   during the month of October 2011, due on November 15, 2011 and delinquent if not received by

7   the Trust Funds before the last business day of the month, and for every month thereafter until this

8   Judgment is satisfied, **Defendants shall remain current in contributions** due to Plaintiffs under

9   the current Collective Bargaining Agreement and under all subsequent Collective Bargaining

10  Agreements, if any, and the Declarations of Trust as amended.  Defendants shall fax a copy of its

11  contribution report for each month, together with a copy of that payment check, *to Blake E.*

12  *Williams at 415-882-9287*, prior to sending the payment to the Trust Fund office.

13          Failure to comply with these terms shall also constitute a default of the obligations under

14  this Agreement and the provisions of ¶ 11 shall apply.

15          7.      Defendants shall make full disclosure of all jobs on which they are working by

16  providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the

17  name and address of the job, the start and completion dates, the identity of General

18  Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. To the

19  extent that Defendant is working on a Public Works job, or any other job for which Certified

20  Payroll Reports are required, copies of said Reports *will be faxed to Blake E. Williams*

21  concurrently with its submission to the General Contractor, Owner or other reporting agency.

22          These requirements are concurrent with, and in addition to, the requirements set forth

23  above. Defendants shall fax said updated list each month (or sooner if required elsewhere herein)

24  together with the contribution report (as required by ¶6 of this Stipulation) *to Blake E. Williams at*

25  *415-882-9287,* on before the 15th day of each month.  Attached hereto as *Exhibit A* is a Job Report

26  Form which is to be completed each month.

27  \\\

28                                          - 5 -

8.     Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply.  Any unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

9.     DAVID BRIAN TAUSHECK acknowledges that he is the RMO/CEO/President and a principal shareholder of HAYWARD GLASS COMPANY, INC., and that he specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein.  Mr. Tausheck (hereinafter "Guarantor") also confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and successors in interest to HAYWARD GLASS COMPANY, INC. and/or any subsequent entity wherein Mr. Tausheck is a principal, officer, owner, or possesses any ownership interest shall also be bound by the terms of this Stipulation as Guarantors, and also consents to this Court's jurisdiction as well as the use of a Magistrate Judge.  All such entities shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase.

10.     Prior to the last payment pursuant to this Judgment Pursuant to Stipulation, Plaintiffs shall advise Defendants/Guarantor, in writing, as to the final lump sum amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation as set forth above.  Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the October 15, 2012 stipulated payment.

11.     In the event that Defendants/Guarantor fail to make any payment required under ¶4 above, or otherwise default on their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a)     The entire balance of **$92,846.58**, as specified in ¶3, plus interest, but reduced by principal payments received from Defendants/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b)     A Writ of Execution may be obtained against Defendants/Guarantor without further notice to Defendants/Guarantor, in the amount of the unpaid balance plus any additional amounts due under the terms herein.  Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants/Guarantor and the balance due and owing as of the date of default**.**

(c)     Defendants/Guarantor waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendants/Guarantor.

(d)     Defendants/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendants/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

12.     Any failure on the part of the Plaintiffs to take any action against Defendants/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants/Guarantor of any provisions herein.

13.     In the event of the filing of a bankruptcy petition by Defendants/Guarantor, the

- 7 -

1  parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to

2  have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

3  and shall not be claimed by Defendants/Guarantor as a preference under 11 U.S.C. Section 547 or

4  otherwise. Defendants/Guarantor nevertheless represent that no bankruptcy filing is anticipated.

5      14.    Should any provision of this Stipulation be declared or determined by any court of

6  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

7  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

8  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

9  Stipulation.

10     15.    This Stipulation is limited to the agreement between the parties with respect to the

11  delinquent contributions and related sums enumerated herein, owed by Defendants/Guarantor to

12  the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

13  Defendants/Guarantor acknowledge that the Plaintiffs expressly reserve their right to pursue

14  withdrawal liability claims, if any, against Defendants/Guarantor and all of their control group

15  members, as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their

16  Collective Bargaining Agreement, and applicable laws and regulations.

17     16.    This Stipulation contains all of the terms agreed by the parties and no other

18  agreements have been made.  Any changes to this Stipulation shall be effective only if made in

19  writing and signed by all parties hereto.

20     17.    This Stipulation may be executed in any number of counterparts and by facsimile,

21  each of which shall be deemed an original and all of which shall constitute the same instrument.

22     18.    Defendants/Guarantor represent and warrant that they have had the opportunity to

23  be or have been represented by counsel of their own choosing in connection with entering this

24  Stipulation under the terms and conditions set forth herein, that they have read this Agreement

25  with care and is fully aware of and represent that they enter into this Stipulation voluntarily and

26  without duress.

27  ///

28

NOTICE OF ACKNOWLEDGMENT and
JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C11-4926 LB
P:/Clients/GLACL/Hayward Glass/Pleadings/Judgment Pursuant to Stipulation 101311.doc

1    19.    The parties agree that the Court shall retain jurisdiction of this matter until this

2 Judgment is satisfied.  Upon execution of this Stipulation by the parties identified below, Plaintiffs

3 stipulate and agree that they will immediately file a voluntary dismissal without prejudice of

4 Defendant Mary Tausheck individually from the above entitled matter.

5 Dated: October 14, 2011                    **HAYWARD GLASS COMPANY, INC.**

6
                                        By:   /S/David Brian Tausheck
7                                             David Brian Tausheck
                                              RMO/CEO/President
8
   Dated: October 14, 2011                    **DAVID BRIAN TAUSHECK**
9
10                                             /S/David Brian Tausheck
                                              Individually, as Personal Guarantor
11
   Dated: October 14, 2011                    **DAVID BRIAN TAUSHECK**
12
13                                             /S/David Brian Tausheck
                                              Individual Defendant
14
   Dated: October 17, 2011                    **SALTZMAN AND JOHNSON LAW
15                                            CORPORATION**

16
                                        By:   /S/Blake E. Williams
17                                            Blake E. Williams
                                              Attorneys for Plaintiffs
18

19 IT IS SO ORDERED.

20 IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall
   retain jurisdiction over this matter.
21

22 Dated: _____October 28_____, 2011
23                                            _____
   LAUREL BEELER
24 UNITED STATES MAGISTRATE JUDGE

25

26

27

28                                            - 9 -

| | |
|---|---|
| 1 | |

**_EXHIBIT A_**

**JUDGMENT PURSUANT TO STIPULATION**

***JOB REPORT FORM***

**\*\*\* Updated report must be faxed to Blake E. Williams, Esq., at (415) 882-9287
on the <u>15th</u> day of each month \*\*\***

**Employer Name: <u>HAYWARD GLASS COMPANY, INC.</u>**

**Report for the month of _____   Submitted by: _____**

| Project Name: | | |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

| Project Name: | | |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

| Project Name: | | |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

***\*\*\* Attach additional sheets as necessary \*\*\****

**NOTICE OF ACKNOWLEDGMENT and
JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C11-4926 LB**
P:/Clients/GLACL/Hayward Glass/Pledings/Judgment Pursuant to Stipulation 101311.doc